**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NUTECH VENTURES** | ) | **CASE NO.1:12CV2326** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **NORMAN NOBLE, INC.,** | ) | **ORDER OF STAY** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Norman Noble, Inc.'s Motion to Stay Proceedings Pending Inter Partes Review (ECF # 12). For the following reasons, the Court grants Defendant's Motion and Stays the case.

This is a patent infringement case involving Plaintiff's patent number 6,489,589 (the "'589 Patent") entitled "Femtosecond Laser Utilization Methods and Apparatus and Method for Producing Nanoparticles." The patent is not for a device but for a process described in the Abstract as:

> The present invention teaches various femtosecond machining and drilling apparatus and processes for fabricating tools and the like from both traditional and non-traditional materials. Also described are novel tools such as scalpels, and

1

> nozzles fabricated from the apparatus and processes of the present invention. Likewise, the present invention may be utilized in both a novel propulsion system and the production of materials formed from nanometer sized particles and the like.

Defendant has requested the United States Patent and Trademark Office ("USPTO") review the subject patent to determine whether the asserted claims of the '589 patent are invalid. Defendant contends the case is in the early stages of litigation and expenses have been minimal thus far. Defendant filed its Petition for Inter Partes Review on December 21, 2012. The parties have engaged in minimal discovery. Furthermore, Plaintiff does not sell products using the patent at issue thus, there is no competition between Plaintiff and Defendant and a stay will not provide either side with tactical or competitive advantage. Defendant filed its Petition promptly and did not delay. Furthermore, according to Defendant, the majority of time reexaminations lead to claims being cancelled or modified resulting in simplified discovery or case resolution. Also, under the new standard inter partes review is granted when movant shows a reasonable likelihood of success on the merits. Thus, if Defendant's Petition is meritless it will be denied in short order resulting in little delay. If, however, it is granted, there is a strong likelihood Defendant will be successful. Also, there is the possibility of inconsistent results should the Court find infringement and the reexamination find the claims are invalid.

Plaintiff opposes the Motion contending that a stay would be prejudicial to Plaintiff by causing significant delay. It would also deny Plaintiff its choice of forum and would make it more difficult for Plaintiff to prosecute its action as delays result in witness's memories fading and documents disappearing. Furthermore, Plaintiff's patent expires in two years which will have the effect of granting a compulsory license to Defendant. Also, the potential for simplifying the claims in this case are minimal since the review only applies to invalidity

contentions and not to Defendant's other defenses. Also, the majority of IPR proceedings do not result in the cancellation of all claims, therefore, it is more likely than not that at least a portion of the claims asserted in this action will eventually have to be litigated.

## **LAW AND ANALYSIS**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg* 849 F.2d 1422, 1426 -1427 ( Fed Cir.1988) citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). When deciding whether to grant a motion to stay pending patent reexamination "courts commonly consider three factors: '(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.' " *PDS Electronics, Inc. v. Hi–Z Antennas,* 2011 WL 1097745 at *1 (N.D.Ohio Mar.22, 2011) (quoting *Xerox Corp. v. 3Com Corp.,* 69 F.Supp.2d 404, 406 (W.D.N.Y.1999)). Furthermore, given a potential reexamination proceeding of two or more years, "[m]any courts have recognized that 'there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination . . . proceedings.'" *Equipements de Transformation IMAC v. Anheuser-Busch Companies, Inc.* 559 F.Supp.2d 809, 816 (E.D.Mich.,2008). In light of the above guidance the Court will proceed to examine the relevant factors.

**1) Will a stay unduly prejudice or present a clear tactical disadvantage to the non-**

**movant?**

Considering this factor, the Court finds no undue prejudice or tactical disadvantage will be placed on Plaintiff as a result of a stay. Those distinct prejudices inherent in any stay do not militate against a stay. As one judge within this district held, if delay were enough to deny a stay 'few if any patent cases would be stayed pending reexamination." *Allied Erecting and Dismantling Co., Inc., v. Genesis Equip. and Mfrg., Inc.,* No.4:08CV589, 2010 U.S. Dist. LEXIS 92851, *6-7 (N.D. Ohio Aug. 16, 2010).

Furthermore, the parties are not direct competitors. Plaintiff is a nonprofit organization that does not make or sell products using the technology at issue. Defendant is a for-profit manufacturer for the medical and aerospace industries. Defendant contends it only uses the disputed technology for research and development and no longer uses it to produce commercial products. Losses that are monetarily incompensable, such as loss of market share or other marketplace wrongs, are not present in this case. Therefore, there is little chance that the stay will work a tactical disadvantage commercially against Plaintiff.

Nor does the Court find a stay will place Plaintiff at a tactical disadvantage in the proceedings. While Plaintiff contends witness's memories fade and documents disappear over time, these evidences are not crucial in most patent cases. Instead, prior art references, the claims and specifications, prosecution histories, and expert testimony play more prominent roles in patent litigation compared to other types of civil actions.

Also, the mere fact that Plaintiff's patent expires soon does not militate in favor of denying the stay. As previously stated, Plaintiff's damages appear to be largely, if not exclusively, monetary. Therefore, the stay will not restrict Plaintiff's ability to pursue those

4

damages now, six months from now or a year from now. Therefore, a stay will not unduly prejudice Plaintiff or place it at a tactical disadvantage.

**2) Will a stay simplify the issues in question and trial?**

Courts within this district have held that a stay will simplify issues at trial. In *Datatrek International, Inc., v. Medidata Solutions, Inc.,* No. 1:11CV 458 (N. D. Ohio, Dec. 16, 2011) the Court held that the data on patent reexaminations albeit ex parte reexaminations, demonstrates that most reexaminations result in claims being cancelled or modified. See also *01 Communique Lab, Inc., v. Citrix Systems, Inc.,* No. 06CV253, 2008 WL 696888 (N.D. Ohio, Mar. 12, 2008). Therefore, it is more likely than not that at least some of the claims before this Court will be modified if the USPTO accepts Defendant's Petition for Inter Partes Review. If the review results in a determination that the patent presently before the Court is no longer valid, Plaintiff's cause of action disappears. Furthermore, the Court will have the benefit of the record before the USPTO and will have the benefit of its expertise in considering the prior art not previously presented to the USPTO but offered now by Defendant in the IPR. All these considerations would directly simplify or streamline the litigation in this Court.

**3) Stage of the Proceedings?**

This case is in the early stage of proceedings with no claim construction hearing date or trial date set. The parties had requested in January of 2013 a stay of discovery dates to facilitate settlement discussions. The parties were unable to resolve the case and the Court ordered the parties to brief the issue of stay. Therefore, minimal discovery has taken place and the current posture of the case presents no prejudice to either party since its in its earliest stages. Thus, the stage of the proceedings militates in favor of a stay.

Therefore, for the foregoing reasons, the Court stays the above-captioned case pending inter partes review. The case is closed and removed from the active docket and may be returned upon motion of either party after completion of the review by the USPTO.

IT IS SO ORDERED.

                                       s/ Christopher A. Boyko
                                       CHRISTOPHER A. BOYKO
                                       United States District Judge

Dated: May 30, 2013